IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

        Plaintiff,

vs.                                                                                              No. CIV 23-0868 JB/JMR

CANTRELL MOSLEY, Sandoval County
CYFD, in Her Official and Personal Capacity
Acting Under Color of State Law; MISTY
WILLIAMS, Sandoval County CYFD, in Her
Official and Personal Capacity Acting Under
Color of State Law; JENNIFER BARTLESON,
Sandoval County CYFD, in His Official and
Personal Capacity Acting Under Color of State
Law; JONATHAN CRESPIN, Sandoval County
CYFD, in His Official and Personal Capacity
Acting Under Color of State Law; JOSHUA
WILCKEN, Sandoval County CYFD, in His
Official and Personal Capacity Acting Under
Color of State Law; B. SANCHEZ, Sandoval
County Sheriffs, in His Official and Personal
Capacity Acting Under Color of State Law;
JOHN CASTANEDA, Sandoval County
Sheriffs, Sandoval County CYFD, in His
Official and Personal Capacity Acting Under
Color of State Law, and JENNIFER REGAN, in
Her Personal Capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court, under rule 55(b)(2) of the Federal Rules of Civil Procedure, on the Plaintiff's Emergency Motion for the Granting of Prospective Relief Against Defendant Jennifer Regan, filed November 13, 2023 (Doc. 29)("Motion"). Plaintiff Jarrod Lowrey appears pro se. For the reasons set out below, the Court denies Lowrey's Motion.

**PROCEDURAL BACKGROUND**

Lowrey initiated this case on October 3, 2023.  See Complaint to Recover Damages for Deprivation of Civil Rights, filed on October 3, 2023 (Doc. 1)("Complaint").  Lowrey asserts claims against Jennifer Regan, who is the mother of Lowrey's son.  See Complaint ¶¶ 309-371, at 28-32.  Lowrey seeks "prospective relief only on the counts/occurrences against Jennifer Regan." Complaint ¶ 400, at 35.

Greg Salazar, a process server, personally served a summons for Regan on October 5, 2023. See Summons in a Civil Action at 2, filed October 6, 2023 (Doc. 12)("Summons").  Regan's response to the summons was due on October 26, 2023.  See Summons at 1 ("Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.").

Lowrey states that "Defendant Jennifer Regan has defaulted by not answering this Court's summons to respond to this action against her" and "supplies notice to the Court that per Federal Rule 55, the Court clerk is to enter a default against Regan on November 13, 2023."  Notice of Default of Defendant Jennifer Regan, filed November 13, 2023 (Doc. 26).  The Clerk entered the default of Defendant Jennifer Regan on December 8, 2023.  See Clerk's Entry of Default (Doc. 39). Lowrey seeks "an emergency order granting Plaintiff's prospective relief as detailed in his complaint," because "Regan has defaulted by not answering this Court's summons."  Motion at 1. The Court construes Lowrey's Motion as a motion for default judgment under rule 55(b)(2) of the Federal Rules of Civil Procedure.  Regan later responded with her Answer and Defenses to the Complaint, filed January 8, 2024 (Doc. 47)("Answer").

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

> [I]f the Court can reasonably read the pleadings to state a valid claim on which [the Plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING DEFAULT JUDGMENTS AND THE ENTRY OF DEFAULT UNDER RULE 55

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a default judgment. See United States v. Rivera, No. CIV 14-0579, 2015 WL 4042197, at *9-12 (D.N.M. June 30, 2015)(Browning, J.). First, a party must obtain a clerk's entry of default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Watkins v. Donnelly, 551 F. App'x 953, 958 (10th Cir. 2014)("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.").[1] Second, either the party must request the clerk to enter

---

[1] Watkins v. Donnelly, 551 F. App'x 953 (10th Cir. 2014), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2).

After entering default judgment, a district court takes all of the well-pleaded facts in a complaint as true. See Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."); United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006). "If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." United States v. Craighead, 176 F. App'x at 925 (quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 2688 (3d ed. 1998)("Wright & Miller")(alteration in United States v. Craighead, not in Wright & Miller)). See Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). A court may enter a default judgment

---

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Watkins v. Donnelly, United States v. Craighead, 176 F. App'x 922 (10th Cir. 2006), Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744 (10th Cir. 2009), and United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886 (10th Cir. 2013), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

for a damage award without a hearing if the amount claimed is "'one capable of mathematical calculation.'" Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007)(Browning, J.)(quoting Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944). "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary. Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v. Atl. Contracting Co., 157 F.R.D. 61, 64 (D. Kan. 1994)(Lungstrum, J.)). See Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

"Default judgments are a harsh sanction." Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir. 1991). The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'" Noland v. City of Albuquerque, No. CIV 08-0056, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009)(Browning, J.)(quoting Ruplinger v. Rains (In re Rains), 946 F.2d at 733).

> "[S]trong policies favor resolution of disputes on their merits: '[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.'" [H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970)], quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983)

Ruplinger v. Rains (In re Rains), 946 F.2d at 732-33.  See Noland v. City of Albuquerque, 2009 WL 2424591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)(quoting Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)).  The distinction between setting aside an entry of default and setting aside a default judgment "reflects the different consequences of the two events and the different procedures that bring them about."  10A Wright & Miller, supra, § 2692.

> [T]he clerk or the court may enter a default upon the application of the nondefaulting party. The entry simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence. The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).
>
> In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate; in some situations, a jury trial may be made available to determine an issue of damages. Moreover, the entry of a default judgment is a final disposition of the case and an appealable order. . . .
>
> Additional differences between relief from the entry of a default and from a default judgment appear in the grounds that will support the motion being granted. Stated generally, the defaulting party is not entitled to relief from a judgment as a

>   matter of right under Rule 60(b). The movant must present a justification supporting the relief motion and must establish his contentions if challenged. Although whether relief will be granted is a matter within the sound discretion of the trial court, the vacation of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion. The motion to set aside a default entry, on the other hand, may be granted for "good cause shown," which gives a court greater freedom in granting relief than is available in the case of default judgments.

10A Wright & Miller, supra, § 2692 (footnotes omitted).

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. See United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886, 887 (10th Cir. 2013)("Three requirements must be met when setting aside a default judgment under Rule 60(b): '(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.'" (quoting United States v. Timbers Pres., 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds by Degen v. United States, 517 U.S. 820, 825 (1996))); Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir. 1992))). The United States Court of Appeals for the Tenth Circuit has, at times, listed two factors rather than three for the standard in setting aside a default judgment:

>   Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds, including mistake, inadvertence, surprise or excusable neglect. In the case of default

> judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. *E.g.*, *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). A 60(b) motion thus comprehends two distinct aspects[:] justification for relief and a meritorious defense.

In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978). See Sawyer v. USAA Ins. Co., 839 F. Supp. 2d 1189, 1230 (D.N.M. 2012)(Browning, J.)(setting aside a default judgment, because, "when a plaintiff fails to properly serve a defendant, a default judgment is void and should be set aside under rule 60(b)(4)"). "Although how these factors will be evaluated and weighed lies within the discretion of the trial court to a considerable degree, . . . federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10A Wright & Miller, supra, § 2692 (footnotes omitted). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" Crutcher v. Coleman, 205 F.R.D. 581, 584 (D. Kan. 2001)(Vratil, J.)(quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)). See Applied Capital, Inc. v. Gibson, No. CIV 05-0098, 2007 WL 5685131, at *20-23 (D.N.M. September 27, 2007)(Browning, J.)(liberally construing a pro se defendant's motion to dismiss as a motion to set aside the default, but concluding that the pro se defendant did not show good cause for the Court to set aside the entry of default, because, although setting aside the entry of default would not prejudice the plaintiff, the pro se defendant was "fully aware of the need to answer within the given time limitation and chose not to respond timely," and he failed to appear at a hearing to support his allegation that he had a meritorious defense).

## **ANALYSIS**

Having carefully reviewed the Motion and the relevant law, the Court denies Lowrey's Motion. Regan did not timely file her Answer. See Clerk's Entry of Default at 1 ("Regan . . . has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure."). Regan

filed her Answer, however, on January 8, 2024, which is two months and ten days after her Answer was due.  Regan was not essentially nonresponsive, and her failure to timely file her Answer did not halt the adversary process or cause Lowrey to be faced with interminable delay.  See Noland v. City of Albuquerque, 2009 WL 2424591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").  Granting Lowrey's Motion would penalize harshly Regan, who also is proceeding pro se, without addressing the case's merits.  See Noland v. City of Albuquerque, 2009 WL 2424591, at *1 ("Because default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'").

**IT IS ORDERED** that the Plaintiff's Emergency Motion for the Granting of Prospective Relief Against Defendant Jennifer Regan, filed November 13, 2023 (Doc. 29), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Jarrod Lowrey
Rio Rancho, New Mexico

    *Plaintiff pro se*

Eric Loman
Dyea Reynolds
Jackson Loman Stanford & Downey, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Cantrell Mosley, Misty Williams, and Jennifer Bartleson*

Nicholas Autio
New Mexico Local Government Law, LLC
Albuquerque, New Mexico

> *Attorneys for Defendants Jonathan Crespin, Joshua Wilcken, B. Sanchez, and John Castaneda*

Jennifer Regan
Rio Rancho, New Mexico

> *Defendant pro se*